# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07-CV-335 CAS |
| ROCK-O EXCAVATING, L.L.C., a Missouri limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Order to Compel an Accounting. This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132.

Defendant Rock-O Excavating, L.L.C. was served with the summons and complaint on February 26, 2007, and has not filed an answer or otherwise entered his appearance. A Clerk's Entry of Default was entered against defendant on March 23, 2007.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiffs have moved this Court for an order compelling defendant to submit to a financial compliance examination so that plaintiffs can determine the amounts allegedly owed.

Plaintiffs have established that defendant is bound by a collective bargaining agreement with Laborers Local Unions 42-53-110. This agreement requires defendant to submit contributions to the Laborers Funds, and authorize plaintiffs to examine the financial records of defendant to

ascertain whether the required contributions were made. The only way in which plaintiffs can determine the amount owed is through such financial compliance examination.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting is **GRANTED**. [Doc. 5]

**IT IS FURTHER ORDERED** that defendant Rock-O Excavating, L.L.C. is hereby ordered to provide to plaintiffs, within thirty (30) days of the date of this Order, all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees during the period from January 1, 2003 to date.

The Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of April, 2007.